IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **THERESA WASHINGTON,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil No. TMD 14-3909** |
| **v.** | * | |
| | * | |
| | * | |
| **CAROLYN W. COLVIN,** | * | |
| **Acting Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.** | * | |
| | ************ | |

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Plaintiff Theresa Washington seeks judicial review under 42 U.S.C. §§ 405(g) and

1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the

"Commissioner") denying her applications for disability insurance benefits ("DIB") and

Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act.

Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 12) and Defendant's

Motion for Summary Judgment (ECF No. 15).[1]  Plaintiff contends that the administrative record

does not contain substantial evidence to support the Commissioner's decision that she is not

disabled.  No hearing is necessary.  L.R. 105.6.  For the reasons that follow, Defendant's Motion

for Summary Judgment (ECF No. 15) is **GRANTED**, Plaintiff's Motion for Summary Judgment

(ECF No. 12) is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

---

[1] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002).  For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable."  *Id.*

# I

## Background

Plaintiff was born in 1966, has a twelfth-grade education, and previously worked as a data entry clerk and legal assistant. R. at 31, 46. Plaintiff protectively filed applications for DIB and SSI on August 8, 2011, alleging disability beginning on June 20, 2011, due to a back injury. R. at 184, 187. The Commissioner denied Plaintiff's applications initially and again on reconsideration, so Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. at 50-106, 108-09. On June 7, 2013, ALJ Therese A. Hardiman held a hearing in Washington, D.C., at which Plaintiff and a vocational expert testified. R. at 27-49, 131. On August 12, 2013, the ALJ issued a decision finding Plaintiff not disabled from the alleged onset date of disability of June 20, 2011, through the date of the decision. R. at 7-20. Plaintiff sought review of this decision by the Appeals Council, which denied Plaintiff's request for review on October 17, 2014. R. at 1-4, 6. The ALJ's decision thus became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481; *see also Sims v. Apfel*, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 2083 (2000).

On December 17, 2014, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case subsequently was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

**II**

**Summary of Evidence**

A.      **Opinion Evidence**

On November 8, 2011, a state agency medical consultant, John Sadler, M.D., assessed Plaintiff's physical residual functional capacity ("RFC").  R. at 54-56, 63-65.  Dr. Sadler opined that Plaintiff could (1) lift and/or carry twenty pounds occasionally and ten pounds frequently; (2) stand and/or walk for a total of about six hours in an eight-hour workday; (3) sit for about six hours in an eight-hour workday; and (4) perform unlimited pushing and/or pulling.  R. at 54, 63. In assessing Plaintiff's exertional limitations, Dr. Sadler considered the mild degenerative changes in Plaintiff's lumbar spine with her complaints of radiating pain but only mild limits in her range of motion with a normal gait.  R. at 54, 63.  Plaintiff occasionally could stoop; crawl; and climb ladders, ropes, and scaffolds.  R. at 55, 64.  She frequently could balance, kneel, crouch, and climb ramps and stairs.  R. at 55, 64.  Plaintiff had no manipulative, visual, or communicative limitations, but she was to avoid concentrated exposure to extreme cold, wetness, vibration, and hazards.  R. at 55, 64.

On May 21, 2012, another state agency consultant, Michael Hartman, M.D., again assessed Plaintiff's physical RFC.  R. at 75-76, 85-86.  Dr. Hartman opined that Plaintiff could (1) lift and/or carry twenty pounds occasionally and ten pounds frequently; (2) stand and/or walk for a total of about six hours in an eight-hour workday; (3) sit for about six hours in an eight-hour workday; and (4) perform unlimited pushing and/or pulling.  R. at 75-76, 85-86.  In assessing Plaintiff's exertional limitations, Dr. Hartman also considered the mild degenerative changes in Plaintiff's lumbar spine with her complaints of radiating pain but only mild limits in

her range of motion with a normal gait.  R. at 76, 86.  Plaintiff had no postural, manipulative,

visual, communicative, or environmental limitations.  R. at 76, 86.

**B.      Plaintiff's Testimony**

The ALJ summarized Plaintiff's testimony in her decision:

> [Plaintiff] has alleged that she stopped working because of her medical
> condition, which was a back injury [R. at 187.]  She alleged that she was in
> constant pain and she could not work because she has to take a lot of time off [R.
> at 202-04.]  She stated that she has been in more back pain since October 2011
> and that it "messes" with her sleep [R. at 205-09.]  She reported that she ran out
> of "medical" and her pain in her back is getting worse [R. at 205-09.]  She also
> reported that it was painful to care for her personal needs, but she tries to do it [R.
> at 205-09.]

> In terms of [Plaintiff's] alleged disability, [Plaintiff] has testified that she
> lives with her mother, who [does] the shopping.  [Plaintiff] takes medications she
> says are very effective, but they can make her sleepy and drowsy.  She performs
> her own self-care activities and does a little bit of chores.  She goes on the
> computer and looks things up, she attends church regularly, and she reads books
> and likes exciting fictional stories.  She watches the soap operas.  She has not
> lifted anything, but did pick up a piece of paper from the floor.  She can extend
> and retract her arms and legs and reach overhead, but say[s] reaching overhead
> can hurt her back and shoulders.  She gets 8 hours of sleep that can be interrupted
> by back pain.  She can stand, sit and walk.  Her level of activity, her benign
> objective and diagnostic findings, and her rather routine conservative care are
> inconsistent with a finding of a medically determinable severe impairment and
> undermine her credibility.  She has stated she stopped work because of her back,
> but her statements to her physician indicate that she was terminated for other
> reasons [R. at 229.]

R. at 14; *see* R. at 31-44.  Plaintiff also testified that she last saw Dr. Mathur, her primary care

physician, in February 2013.  R. at 33.

## III

## Summary of ALJ's Decision

On August 12, 2013, the ALJ found that Plaintiff (1) had not engaged in substantial

gainful activity since the alleged onset date of disability of June 20, 2011; but (2) did not have an

impairment or a combination of impairments considered to be "severe" on the basis of the

4

requirements in the Code of Federal Regulations.  The ALJ thus found that she was not disabled

from June 20, 2011, through the date of the decision.  R. at 12-16.  In so finding, the ALJ found

that her "conclusion that [Plaintiff] does not have a physical impairment or combination of

physical impairments that significantly limits her ability to perform basic work activities is

supported by the documentary medical records, the lack of findings on physical examinations,

the results of objective testing and [Plaintiff's] own testimony."  R. at 16.

## IV

## <u>Disability Determinations and Burden of Proof</u>

The Social Security Act defines a disability as the inability to engage in any substantial

gainful activity by reason of any medically determinable physical or mental impairment that can

be expected to result in death or that has lasted or can be expected to last for a continuous period

of not less than twelve months.    42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R.

§§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in

any other kind of substantial gainful work which exists . . . in significant numbers either in the

region where such individual lives or in several regions of the country."    42 U.S.C.

§§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social

Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the

regulations.  20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124

S. Ct. 376, 379-380 (2003).  "If at any step a finding of disability or nondisability can be made,

the [Commissioner] will not review the claim further."    *Thomas*, 540 U.S. at 24, 124 S. Ct. at

379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The claimant has the burden of production

and proof at steps one through four.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity.  If the claimant is engaged in substantial gainful activity, then the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities.  *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[2]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment.  If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience.  20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4),

---

[2] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1521(b), 416.921(b).  These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting.  *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

416.920(a)(4)(iv), 416.945(a)(4).   RFC is a measurement of the most a claimant can do despite his or her limitations.   *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).   The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources."   20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).   The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations.   *See id.*   If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled.   *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience.   *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy.   *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).   If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled.   If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled.   20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

# V

## Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## VI

## <u>Discussion</u>

Plaintiff contends that the ALJ failed in her duty to develop the record by not attempting to obtain Plaintiff's medical records from August 2011 to the date of the ALJ's decision on August 12, 2013, and by failing to obtain a consultative examination.  Pl.'s Mem. Supp. Mot. Summ. J. 3-5, ECF No. 12-1 (citing, *inter alia*, *Fleming v. Barnhart*, 284 F. Supp. 2d 256, 272 (D. Md. 2003)).  For the reasons stated below, Plaintiff's assertion is unavailing.

"[T]he administrative hearing process is not an adversarial one, and an ALJ has a duty to investigate the facts and develop the record independent of the claimant or his counsel." *Pearson v. Colvin*, 810 F.3d 204, 210 (4th Cir. 2015) (citing *Cook v. Heckler*, 783 F.2d 1168, 1173-74 (4th Cir. 1986)); *see Sims*, 530 U.S. at 110-11, 120 S. Ct. at 2085.  However, "on review, a district court considers not whether the medical record before the ALJ was exhaustive, but whether the record was complete enough to allow the ALJ to make all necessary determinations based upon substantial evidence, and whether any gaps in the record led to unfairness or prejudice for the claimant."  *Boyd v. Astrue*, Civil Action No. BPG-09-0150, 2010 WL 3369362, at *4 (D. Md. Aug. 23, 2010); *see* 20 C.F.R. §§ 404.1513(e), 416.913(e).  Here, Plaintiff "has failed to point to *any* specific piece of evidence not considered by the Commissioner that might have changed the outcome of [her] disability claim."  *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014).  There is no indication that Plaintiff "has ever tried to obtain the medical records [she] claims the ALJ should have obtained, which casts considerable doubt on the relevance of the evidence and existence of any prejudice [she] may have suffered from the ALJ's not obtaining it."  *Hanson v. Apfel*, 173 F.3d 863, No. 98-5127, 1999 WL 160821, at *2 (10th Cir. Mar. 24, 1999) (unpublished table decision) (citing *Hawkins*

*v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997)); *see Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995).  Because Plaintiff does not show how any purported gaps in the record have led to unfairness or prejudice, her argument that the ALJ failed to develop the record is unavailing.

Further, contrary to Plaintiff's assertion, a consultative examination was not warranted in this case.  The standard for ordering consultative examinations is when "the evidence as a whole is insufficient to allow [the Commissioner] to make a determination or decision on [the] claim" or when there is an inconsistency in the evidence.  20 C.F.R. §§ 404.1519a(b), 416.919a(b).  In other words, the need for a consultative examination arises if, for example, "[t]he additional evidence needed is not contained in the records of [the claimant's] medical sources"; "[t]he evidence that may have been available from [the claimant's] treating or other medical sources cannot be obtained for reasons beyond [the claimant's] control, such as death or noncooperation of a medical source"; "[h]ighly technical or specialized medical evidence that [the Commissioner needs] is not available from [the claimant's] treating or other medical sources"; or "[t]here is an indication of a change in [the claimant's] condition that is likely to affect [the claimant's] ability to work," "but the current severity of [the claimant's] impairment is not established."  *Id.* §§ 404.1519a(b)(1)-(4), 416.919a(b)(1)-(4).

Plaintiff "makes no argument that [her] impairments [had] worsened, or that during the evidentiary gap, new impairments [had] arisen" between August 2011 and August 2013. *Sheppard v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-13-1239, 2014 WL 2154169, at *3 (D. Md. May 20, 2014) (citing *Poyck v. Astrue*, 414 F. App'x 859, 861 (7th Cir. 2011)); *see Hawkins*, 113 F.3d at 1167-68 ("[I]n a counseled case, the ALJ may ordinarily require counsel to identify the issue or issues requiring further development.  In the absence of such a request by counsel, we will not impose a duty on the ALJ to order a consultative examination unless the

need for one is clearly established in the record." (citation omitted)).  Plaintiff's contention in this regard thus is without merit.

In sum, substantial evidence supports the decision of the ALJ, who applied the correct legal standards here.   Thus, Defendant's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

## VII

### Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 15) is **GRANTED**.   Plaintiff's Motion for Summary Judgment (ECF No. 12) is **DENIED**.   The Commissioner's final decision is **AFFIRMED**.  A separate order will issue.

Date: October 18, 2016                                  _____/s/_____
                                                                    Thomas M. DiGirolamo
                                                                    United States Magistrate Judge